MAVERICK WYMAN *vs.* ALEXANDER HICHBORN & THE UNIVERSALIST SOCIETY IN SOUTH READING, Trustees.

The salary of a minister being payable quarterly, with an agreement, that if he entered on a quarter and did not complete it nothing should be due for such service; the minister in the middle of a quarter tendered his resignation, which was accepted; and the parish afterwards voted to pay him *pro ratâ* for the time of his service after the commencement of the quarter; it was held, that the parish were not liable, as the trustees of the minister, on a process served after the resignation of the latter, and before the passing of such vote.

THIS was an action of assumpsit, brought in the court of common pleas, in which the principal defendant was defaulted; and the trustees, having been charged on their answer, appealed to this court. The facts are sufficiently stated in the opinion.

*J. P. Converse*, for the trustees.

*A. V. Lynde*, for the plaintiff.

SHAW, C. J. The question, whether the trustees are chargeable or not, must depend on the facts, as they existed when the process was served, namely, whether at that time the parish were indebted to the minister; and this question is to be considered according to the strict rule of legal liability, especially, when a corporation is summoned. The claim against the trustee may be a debt payable *in futuro*, but to charge the trustee, it must be a certain debt, which will become payable upon the lapse of time, and not a contingent liability, which may become a debt or not, on the performance of other acts, or the happening of some uncertain event. The question whether trustee or not, must be decided according to the facts stated in the answer.

The trustees answer, by their treasurer, that the contract with the defendant was to pay him by the quarter, and that

the rate per week was merely to fix the amount; and he adds, that it was distinctly agreed, that when the defendant had entered on a quarter, if he did not complete it, there should be nothing due to him.

It appears that the defendant was paid to the end of a quarter on the 1st of October, and that the writ was served on the 7th of November following, at which time there was nothing due, and no debt. But the plaintiff relies on another fact, to wit, that on the 13th of November after the service, the parish accepted the resignation of the defendant, pursuant to a letter sent them on the 24th of October, and then voted to give him a note for the balance which would have been due to him, *pro ratâ*, for the time he had officiated after the commencement of the quarter. The argument for the plaintiff is, that this vote was a waiver of that part of the prior contract, which made the contract entire, and, by relation back, put the parties in the same condition as if the original contract had been to pay by the week. But we think this argument is not tenable. The doctrine of waiver does not apply. The only contract which existed, when the writ was served, was an entire contract for the whole quarter. The vote by which the parish accepted the defendant's resignation, and gave him their note for a certain sum upon a final settlement, was a new contract upon a distinct consideration, and did not change the terms of the original contract, so as to make the parish debtors to the defendant at a prior time; and the same vote, by which the parish entered into this new obligation, was complied with, by giving the defendant at the same time their negotiable note. *Trustees discharged.*